ZENITH ELECTRONICS CORP., ET AL., PLAINTIFFS *v.*
UNITED STATES, DEFENDANT

Consolidated Court No. 93–07–00404

(Dated April 26, 1994)

*Frederick L. Ikenson, P.C. (Frederick L. Ikenson and Larry Hampel)* for plaintiff Zenith Electronics Corporation.
*Willkie Farr & Gallagher (William J. Clinton, Russell G. Ryan* and *David E. Bond)* for plaintiff Action Electronics Company, et al.
*Frank W. Hunger,* Assistant Attorney General, *David M. Cohen,* Director, Commercial Litigation Branch, Civil Division, United States Department of Justice *(Michael S. Kane), Thomas H. Fine,* Attorney Advisor, United States Department of Commerce, of counsel, for defendant.

## OPINION

RESTANI, *Judge:* Movants seek a remand to the United States Department of Commerce to enable it to consider information in connection with the eighth administrative review of the antidumping duty order in *Color Television Receivers, Other than Video Monitors, from Taiwan,* 49 Fed. Reg. 18,337 (Dep't Comm. 1984) (antidumping duty order) *See* 58 Fed. Reg. 34,415 (Dep't Comm. 1993) (eighth final admin. review. The information sought to be included was submitted after the last deadline set for receipt of any factual information in the eighth review—November 18, 1992. A general schedule for the submission of factual information is set forth in 19 C.F.R. § 353.31(a) (1993). Movants' information was not submitted in accordance with that schedule.[1]

The information sought to be included is of two types. First, Proton Electronic Industrial Company, Ltd. seeks to submit information as to new model matches between the foreign and the domestic product. *See* Appendix to Memorandum in Support of Proton Elec. Indus. Co.'s Motion for Remand at 65–79. The court cannot credit Proton's reasons for its late submissions. This information is certainly not in the nature of legal argument, as Proton asserts, nor does it merely clarify information already submitted. *See* 19 C.F.R. § 353.31(a)(2) (allowing parties to submit clarifications of previously submitted data within the deadline or "10 days after the date such factual information is served on the interested party") Accordingly, Proton's motion is denied. Second, the foreign producers seek to submit data as to the leading domestic producer's ("Zenith's") standing as an interested party. That is a more serious request.

Movants assert two reasons why the belated factual information on Zenith's standing should be accepted. They argue that Zenith submitted

---

[1] The regulations provide that factual information must be submitted within 180 days of Commerce's initiation of investigation or by the publication date of the preliminary determination, whichever is earlier. 19 C.F.R. § 353.31(a)(ii) Commerce published a notice of initiation on May 22, 1992. 57 Fed. Reg. 21,769 (Dep't Comm. 1992). The 180-day provision would result in a November 18, 1992 deadline. The preliminary results were not published until January 13, 1993. 58 Fed. Reg. 4148 (Dep't Comm. 1993) (prelim. admin. review). Therefore, the November 18, 1992 deadline, as the earlier date, is the operative cut-off for the submission of factual information.

information after the deadline and that fairness requires Commerce to accept their belated data as well Movants also contend that Commerce has a continuing duty to investigate standing and that it did not do so. Movants allege they had no choice but to undertake that burden themselves and that they needed more time than was provided to accomplish the task.

Had Commerce actually accepted new data from Zenith on standing, the court would have little difficulty in finding that Commerce must extend its deadlines similarly for movants. Apparently the source of the Zenith data of concern to movants was Jerry Pearlman, Zenith's CEO, who met with the Secretary of Commerce on February 24, 1993.

The discussion at the meeting, as evidenced by a February 25, 1993 Commerce interoffice memorandum, involved Mr. Pearlman's general complaints about antidumping duty enforcement. *See* plaintiffs' Confidential Appendix ("App."), at 148. The only mention of matters arguably specific to the eighth administrative review was Mr. Pearlman's opinion of "[t]he absurdity of challenges to Zenith's standing." *Id.* How Mr. Pearlman might have elaborated on that view is not known, but there is no evidence that any factual information was received or that any such data were passed along to those responsible for analyzing Zenith's standing.[2] In fact, on July 24, 1992, Commerce had decided not to reexamine the standing issue in the context of the eighth annual review because of lack of evidence of a change in Zenith's standing. *See* 58 Fed. Reg. at 34,416.

Interested parties are not forbidden to contact the Secretary to express their views on how Commerce is administering the antidumping law. Mr. Pearlman's remark about standing was nevertheless specific enough to the ongoing proceeding that the memo recording it eventually was placed in the record of the proceeding. *See* 19 U.S.C. § 1677f(a)(3) (1988) (requiring records of *ex parte* meetings between interested parties and Commerce). The relevance of the remark, however, does not convert the statement into factual information that needs to be submitted according to deadline. Accordingly, no symmetry in the acceptance of information was upset by Commerce's denial of movants' late submission of factual information on Zenith's standing.

The extent of Commerce's continuing duty to look at standing in the context of an administrative review has not been specifically addressed by this court. It appears fairly clear, however, from Commerce's own regulations and the positions that it has taken before this court, that standing is an issue that interested parties should raise in an administrative review. *See AOC Int'l v. United States,* Slip Op. 93–243, at 2–3, 8–10 (Dec. 22, 1993). Information about an interested party's loss of standing is evidence of changed circumstances, a category of information that can be considered in the context of an administrative review. *Id.* In an

---

[2] The Secretary, not surprisingly, responded to Mr. Pearlman's statements by asserting that he intended to enforce the law. App. at 148.

administrative or changed circumstances review, Commerce asserts it need not investigate standing except upon the timely receipt of evidence that indicates investigation is warranted. The court has heard no argument that indicates Commerce's view of its own duties in this regard is erroneous.

The issue of exactly what level of evidence should provoke a standing investigation in an administrative review is not before the court at this time. The instant motion is not one made pursuant to USCIT Rule 56.2 for judgment on the record of an agency determination pursuant to 19 U.S.C. § 1516a (1988). The motion at hand seeks to require Commerce to accept new information it had previously rejected and to proceed based on that information. Commerce's decision to reject that information must be judged for purposes of this motion on whether Commerce properly exercised its discretion in rejecting the new information, a purely procedural issue.

The parties do not dispute the fact that Commerce may set time limits. *See* 19 U.S.C. § 1677f(e) (1988) (requiring timely submission of information to Commerce). Movants knew in July, 1992 that Commerce found their evidence as to a change in Zenith's standing inadequate. Did movants ask for extra time to submit evidence? Did they offer even additional partial evidence before all deadlines for submitting data had elapsed? If movants took steps in the interim to advise Commerce of the partial results of their investigation and the time needed to complete it, these steps were not mentioned in their brief. Perhaps these measures would have been futile, and Commerce would not have relaxed its deadlines, but the court cannot so conclude from this record.

Based on the foregoing, the court finds that Commerce did not abuse its discretion in refusing to accept new factual information on standing at a time beyond the deadlines set forth in 19 C.F.R. § 353.31(a) and approximately six months after it had determined not to reinvestigate Zenith's standing.

The motions to supplement the administrative record and to remand are denied.